THIRD DEPARTMENT, NOVEMBER, 1937.
(November 10, 1937.)

In the Matter of the Judicial Settlement of the Account of WILLARD A. WHITE, as Administrator with the Will Annexed of MARY S. HOUGHTALING, Deceased.

FRANK E. BULLARD, as Executor, etc., of ROBERT BULLARD, Deceased, Claimant, Appellant; WILLARD A. WHITE, as Administrator C. T. A., and Others, Respondents.

Rhodes, McNamee and Bliss, JJ., concur; Hill, P. J., dissents, with an opinion, in which Heffernan, J., concurs.

HILL, P. J. (dissenting). The executors of Robert Bullard appeal from a decree of the Warren County Surrogate's Court disallowing a claim founded upon a promissory note against the estate of Mary S. Houghtaling, deceased. She died in April, 1926. Her will was probated in June and the claim upon the note was presented to the executor in December. The executor, in February, 1928, presented to the Surrogate's Court an intermediate account asking direction as to the sale of the real estate. He charged himself with something over $2,700, took credit for the payment of bills, including the undertaker and certain legacies, to an amount slightly in excess of $1,500. The account then states, " In addition to the above bills paid, a number of others have been presented, some verified, others not but are apparently honest." The following appeared under that heading, among other items, " Robert Bullard has presented a claim on a note of which the following is a copy as presented.

" *Jan. 3rd, 1922.*

" One year after my death I promise to pay Rob. Bullard $2000. for value received.

" MARY S. HOUGHTALING."

The executor died some time after filing the account, and no further steps were taken until the appointment of an administrator with the will annexed. He, on February 11, 1937, rejected the claim. The trial was had upon the final settlement of his accounts. Bullard lived upon the Houghtaling real estate until the time of his death. He had resided in Mrs. Houghtaling's home during much of his life and had assisted her in conducting her farm and other business. That the note was in her handwriting is not questioned. The surrogate decided there had been no delivery. One witness testified that he was present when the note was prepared, and that the decedent Houghtaling at that time received a sum of money from Bullard which the witness believed to be $500, and the conversation indicated that the note was given in payment of the loan and for services rendered by Bullard. The force of this testimony was weakened on cross-examination but not destroyed. Bullard's executor testified that he saw the note in his testator's possession before the death of Mrs. Houghtaling. A witness who has a claim

against the estate which would be in competition with this note on the distribution testifies that she found this note among the decedent Houghtaling's papers and delivered it to Bullard. Two witnesses, man and wife, testified that about two years after the death of Mrs. Houghtaling and in 1928 the payee in the note exhibited it to them saying, " That he found this paper among Mrs. Houghtaling's papers after her death." This testimony is not reasonable in view of the fact that more than two years before he had presented the note for payment. The decedent Houghtaling drew the note for some purpose, and the weight of the evidence is that it was in the possession of Bullard before she died.

I believe that the decree should be reversed and the claim against the estate allowed.

Heffernan, J., concurs.